UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:07 – CR – 00104 – WWC - 3 |
| | § | |
| OLLIE OTIS REAVES | § | (Judge William W. Caldwell) |
| | § | |

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Comes Now, Movant Ollie Reaves, hereinafter referred to as "Mr. Reaves" by and

through undersigned counsels Yvette M. Mastin and Edward J. Rymsza, and respectfully submits

this Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In

Federal Custody.  In support of said Motion, Movant states the following:

1.(a) Name and location of court that entered the judgment of conviction you are challenging:

   **Middle District of Pennsylvania, Harrisburg, PA**
   (b) Case number: **No. 1:07-CR-00104-WWC-3**

2. (a) Date of the judgment of conviction: **May 27, 2009**

   (b) Date of sentencing: **May 21, 2009**

3. Length of sentence: **LIFE**

4. Nature of crime (all counts):

   **I.  21 U.S.C. § 846, Conspiracy to Distribute and Possess
        With intent to distribute 50 grams or more of Cocaine Base**

5. What was your plea? **Not guilty**

6. If you went to trial, what kind of trial did you have? **Jury trial**

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? **No**

8. Did you appeal from the judgment of conviction? **Yes**

9. If you did appeal, answer the following:

    (a) Name of court: **Third Circuit Court of Appeals**

    (b) Case number: **09-2578**

    (c) Result: **Judgment of conviction and sentence affirmed**

    (d) Date of result: **July 28, 2011**

    (e) Citation: **United States v. Reaves, 440 Fed. Appx. 140, 2011WL3203059 (3d Cir. 2011) (Not Precedential)**

    (f) Grounds raised:

**I. THE DISTRICT COURT'S OPEN COURT HEARING ON, AND SUBSEQUENT DENIAL OF, MR. REAVES' MOTION FOR SUBSTITUTION OF COUNSEL VIOLATED THE SIXTH AMENDMENT.**

**II. THE TRIAL COURT'S PERFUNCTORY VOIR DIRE WAS INSUFFICIENT TO TEST POTENTIAL JURORS' BIASES AND ENSURE CONFIDENCE IN THE OUTCOME OF MR. REAVES' TRIAL.**
**2**

**III. MR. REAVES'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO OBJECT TO THE PERFUNCTORY VOIR DIRE PERFORMED BY THE DISTRICT COURT.**
**2**

**IV. THE IMPOSITION OF A LIFE SENTENCE UNDER 21 U.S.C. § 851 WAS IN ERROR WHERE THE DISTRICT COURT FAILED TO COMPLY WITH THE STATUTORY PREREQUISITES AND WHERE THE EVIDENCE OF THE TWO PRIOR ALLGED PREDICATE CONVICTIONS WAS INSUFFICIENT.**

**V. THE IMPOSITION OF A LIFE SENTENCE UNDER 21 U.S.C. § 851 CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT WHERE THE TWO ALLEGED PRIOR PREDICATE FELONIES WERE NON-VIOLENT, MINOR DRUG OFFENSES.**

    (g) Did you file a petition for certiorari in the United States Supreme Court? **Yes**

        (1) Case number: **11-7479**

        (2) Result: **Petition for certiorari denied**

        (3) Date of result: **January 9, 2012**

        (4) Citation: **Reaves v. United States, 132 S. Ct 1053, 181 L.Ed.2d  773, 80 USLW 3397 (U.S. Jan. 09, 2012)**

        (5) Grounds raised:

**1. WHETHER AN OPEN HEARING ON A TIMELY DEFENSE MOTION FOR SUBSTITUTION OF COUNSEL AT WHICH THE COURT FAILED TO ADEQUATELY SOLICIT THE REQUISITE INFORMATION AND ALLOWED ACTIVE GOVERNMENT PARTICIPATION AND THE REVELATION OF ATTORNEY-CLIENT COMMUNICATIONS VIOLATED THE SIXTH AMENDMENT?**

**2. WHETHER THE CUMULATIVE EFFECT OF THE DISTRICT COURT'S PERFUNCTORY VOIR DIRE, WHICH FAILED TO INCLUDE ANY INQUIRY REGARDING GENERAL OR SPECIFIC BIAS HELD BY PROSPECTIVE JURORS, DENIED MR. REAVES OF HIS SIXTH AMENDMENT RIGHT TO A FAIR AND IMPARTIAL JURY?**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court? **No**

11. **N/A**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

## GROUND ONE:

**MR. REAVES' SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED WHEN TRIAL COUNSEL, MR. MYSHIN, PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY BREACHING HIS DUTY OF CANDOR TO THE COURT AND HIS DUTY OF LOYALTY TO MR. REAVES.**

**(a) Supporting facts:**

Mr. Myshin failed to support Mr. Reaves' pro se motion for substitution of counsel and failed to inform the court that "good cause" existed to grant Mr. Reaves' motion.  In this case, Mr. Reaves submitted five motions to the Court requesting that his Counsel be removed and another counsel appointed for reasons indicating that good cause was present.  The Court denied all five Motions. On May 21, 2009, "following the imposition of sentence," immediately after sentencing, Mr. Myshin filed an *ex parte* motion to withdraw as counsel, "confirming that there is indeed an irreconcilable conflict between appellant and counsel…" with the District Court.  *See* Doc 354.[1] In this Motion, Mr. Myshin concedes that there was an "irreconcilable conflict" between Mr. Reaves and himself.  *See id.*  The next day the court granted this motion in an *ex parte* order.  *See*

---

[1] "Doc." refers to the Docket Report in United States District Court for the Middle District of Pennsylvania, Criminal Case No. 1:07-CR-00104-03, which is immediately followed by the Docket Entry Number and, in some instances, the pages of the document referenced.

Doc. 355.  The record indicates that when Mr. Myshin said "good cause" existed, then the District Court recognized that it did exist.  Before Mr. Myshin told the court that "good cause" existed, the court did not recognize its existence.

The District Court relied upon the trial counsel to be candid with Mr. Reaves concerning the status of the attorney-client relationship throughout the process.  Mr. Myshin withheld essential information regarding the state of their attorney – client relationship from the District Court and, as a result, the court denied Mr. Reaves' *pro se* motions to have Mr. Myshin removed as trial counsel.

 (b) Direct Appeal of Ground One:
**The issue was not raised on direct appeal since ineffectiveness of trial counsel should be deferred to a collateral attack.  *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).**

(c) Post-Conviction Proceedings: **This is the first post-conviction litigation of any type.**

## GROUND TWO:

**Mr. Myshin violated mr. reaves' sixth amendment right to counsel by providing ineffective assistance of counsel when he failed to object to the open court nature of the hearing on Mr. Reaves' Motion For Substitution of Counsel, and breached mr. reaves' confidentiality by revealing privileged information in this open hearing.**

**(a) Supporting facts:**

Mr. Myshin breached Mr. Reaves confidentiality' in the open hearing held by the District Court with respect to Mr. Reaves' motion to substitute counsel on May 8, 2009.  Mr. Myshin failed to object to the open nature of this hearing and informed the court that an *ex parte* hearing was required to protect the attorney – client privilege and Mr. Reaves' confidentiality.  Mr. Myshin did not object.  Instead, the District Court held the hearing in open court with the presence and

full participation of the federal prosecutor.  (Doc 389 at page 1.) (indicating that AUSA Joseph J. Terz appeared on behalf of the Government).

This hearing was fraught with testimony that violated Mr. Reaves' confidentiality.  First Mr. Myshin testified about a meeting with Mr. Reaves and their discussions.  *See* Doc. 389 at page 8. At one point, Mr. Myshin testified that he had "in fact discussed" a defense issue with Mr. Reaves.  *See* Doc. 389 at page 11.  In addition, Mr. Myshin explained to the court issues he had explained to Mr. Reaves.  *See id.* at 14.  As a result of Mr. Myshin's failure to protect Mr. Reaves' confidentiality, he allowed Mr. Reaves to testify to specific defense facts that he told Mr. Myshin, and even allowed him to read out loud at length from a confidential letter from Mr. Myshin.  *See* Doc. 389 at pages 16-17, 18 – 20.

As a result of these confidential disclosures, defense trial preparation materials and strategy were revealed, including intended use of evidence if the government called a certain witness at trial and a revelation from Mr. Myshin that Mr. Reaves wanted investigators appointed and revealed for what purpose.  *See* Doc. 389 at page 12 -15.  The Government seized upon this opportunity to question Mr. Reaves regarding his testimony about an otherwise unknown letter which was to be used by the defense for impeachment purposes.  *See* Doc. 389 at page 6.

 (b) Direct Appeal of Ground Two:
**The issue was not raised on direct appeal since ineffectiveness of trial counsel should be deferred to a collateral attack.  *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).**
(c) Post-Conviction Proceedings: **This is the first post-conviction litigation of any type.**

## GROUND THREE:

**MR. MYSHIN PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO OBJECT TO THE VOIR DIRE CONDUCTED BY THE DISTRICT COURT AND WHEN HE FAILED TO INSIST THAT THE QUESTIONING OF THE VENIREMEN BE MUCH MORE EXTENSIVE TO IDENTIFY POTENTIAL BIAS.**

**(a) Supporting facts:**

Mr. Myshin, trial counsel, failed to inform the Court that it had not questioned the veniremen in regards to their potential biases and failed to object to the failure of the Court to question the veniremen in regards to their potential biases.

On June 9, 2008, the joint trial for the Reaves brothers commenced before Judge Caldwell. The District Court conducted all of the questioning during the voir dire proceedings. *See* Doc. 378, pages 4-22. The Court did not ask the veniremen any questions to discern their biases or prejudices in regards to race, law enforcement and criminal conduct. *See id.* This was a trial error. Counsel failed to object and preserve the error for appellate review of a prejudicial error. Furthermore, he failed to inform the trial judge or perform even the most rudimentary voir dire of potential jurors.


 (b) Direct Appeal of Ground Three:
**The issue was raised on direct appeal.**
(c) Post-Conviction Proceedings: **This is the first post-conviction litigation of any type.**


## GROUND FOUR:

MR. MYSHIN PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE CONSTITUTION'S SIXTH AMENDMENT RIGHT TO COUNSEL WHEN HE FAILED TO OBJECT TO THE SUFFICIENCY OF THE EVIDENCE TO PROVE MR. REAVES' TWO PREVIOUS DRUG CONVICTIONS FILED BY THE GOVERNMENT IN SUPPORT OF ITS NOTICE TO SEEK A SENTENCING ENHANCEMENT PURSUANT TO 18 U.S. C. § 3559(C) (1), AND WHEN HE FAILED TO ADVISE MR. REAVES WITH REGARD TO THIS ENHANCEMENT ADEQUATELY IN THE PLEA-BARGAINING STAGE OF THE PROCEEDINGS.


(a) Supporting facts:

During the course of these criminal proceedings, Mr. Reaves' trial counsel, Mr. Myshin, failed to object or bring to the Court's attention the insufficiency of the evidence or the failure of

the Court to convey the notice colloquy to Mr. Reaves and failed to adequately advise Mr.

Reaves in regards to the nature of an "851" enhancement.

Procedural steps required by statue were not followed in this case by the prosecutor or the

Court.  Incredibly, Mr. Myshin failed to object to these deficiencies or bring them to the attention

of the Court.  The Government's evidence in support of its LIFE sentence was woefully

insufficient.  The Government filed its §851 notice on the same day, and shortly before, Mr.

Reaves entered his guilty plea.  (Doc 169).  Attached to the Government's notice was a copy of

Mr. Reaves' criminal history obtained from an NCIC computer printout. (Doc. 169).  No

certified records of Mr. Reaves' criminal history were utilized at any point, including at

sentencing.  (Doc. 383).  Furthermore, not before or during sentencing did the District Court

engage Mr. Reaves in the mandatory notice colloquy regarding his right to challenge his prior

convictions.  (Doc 383).  In fact, nowhere in the plea agreement, guilty plea hearing or at the

sentencing hearing was Mr. Reaves ever informed of such a right (Doc. 184, 200, 216).  Finally,

Mr. Myshin did not inform Mr. Reaves regarding how these enhancements would affect his

sentencing in the course of advising him as to whether or not to plead guilty or go to trial.


 (b) Direct Appeal of Ground Four:
**The issue was not raised on direct appeal since ineffectiveness of trial counsel should be
deferred to a collateral attack.  *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir.
2003).**
(c) Post-Conviction Proceedings: **This is the first post-conviction litigation of any type.**


**GROUND FIVE:**

**MR. REAVES WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF
COUNSEL BY HIS TRIAL ATTORNEY'S INADEQUATE ADVICE WITH REGARD TO THE PLEA
AGREEMENT NEGOTIATED WITH THE GOVERNMENT AND FAILURE TO ACCEPT AN OFFER**

(a) Supporting facts:

Trial attorney failed to adequately advise Mr. Reaves regarding the plea agreement offered by the government.  Mr. Reaves did not accept the negotiated binding plea agreement for twenty years with the government.  Instead he proceeded to trial, was found guilty, and received a LIFE sentence.

On or about December 12, 2007, Mr. Reaves received a visit from Mr. Myshin at Adams County Jail where Mr. Myshin told Mr. Reaves that the indictment would be superseded again if he did not accept the plea deal.  Confused as to the facts and the law, Mr. Reaves asked Mr. Myshin to investigate the following facts:  1)That on or about March 9, 2007, he was sentenced by the State of New Jersey on unrelated charges (case No. 1368-08-06); 2) That Mr. Reaves was incarcerated in state custody on March 9, 2007, and it would have been impossible for Mr. Reaves to be involved in drug transactions from jail; and 3) That the judgment and conviction from Mr. Reaves' state court records would have supported this fact.  *See id.*

On January 11, 2008, at a meeting concerning the plea, Mr. Reaves decided to accept the plea offer.  The indictment alleged a conspiracy involving 50 grams of cocaine base.  When Mr. Reaves appeared in court a few hours later to take the plea, Judge Caldwell read a drug amount of 1,300 extra grams of cocaine base that he did not believe he could be held responsible for it because he was in jail during the dates of those transactions.  Mr. Reaves did not understand how he could plead guilty to conduct that he had no knowledge of and that was not alleged in the indictment.  *See id.*

The next day, in a meeting with Mr. Myshin, Mr. Reaves expressed to Mr. Myshin his concerns about accepting the plea agreement offered, believing his sentence exposure was greater than twenty years because the probation officer and the judge recited facts involving

more than the 50 grams of drugs alleged; the judge commented that he would consider accepting

the plea once he saw the PSR and Mr. Myshin's lack of ability to explain the terms of the plea

agreement and the court's process.  Mr. Myshin and Mr. Reaves argued.  They already had

experienced a complete breakdown of their attorney – client relationship, which damaged Mr.

Reaves' ability to trust Mr. Myshin and understand him.  The next day, Mr. Myshin filed a

Motion to Withdraw Mr. Reaves' plea rather than attempting to communicate with Mr. Reaves

again to ensure Mr. Reaves understood the terms of the plea agreement offered or file a Motion

to Substitute Counsel for good cause.  At this point, Mr. Myshin chose not to inform the Court

that the state of the relationship between Mr. Reaves and himself was in such a poor state that

meaningful communication between himself and Mr. Reaves was not possible.  Finally, the

judge had only conditionally accepted the plea and a final decision would not come until he

reviewed the PSR.


 (b) Direct Appeal of Ground Five:
**The issue was not raised on direct appeal since ineffectiveness of trial counsel should be
deferred to a collateral attack.  *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir.
2003).**
(c) Post-Conviction Proceedings: **This is the first post-conviction litigation of any type.**

13. Is there any ground in this motion that you have not previously presented in some federal
court? If so, which ground or grounds have not been presented, and state your reasons for not
presenting them: **Yes.  Denial of effective assistance of counsel has not previously been
presented in any federal court since such a claim should not be raised on direct appeal and
since this is the first post-conviction litigation of any type.**

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any
court for the judgment you are challenging? **No**

15. Give the name and address, if known, of each attorney who represented you in the following
stages of the judgment you are challenging:
(a) At preliminary hearing: **N/A**
(b) At arraignment and plea:
        **Daniel M. Myshin**
        **4800 Linglestown Road**

9

**Suite 305**
**Harrisburg, PA 17112**
(c) At trial:
**Daniel M. Myshin**
**4800 Linglestown Road**
**Suite 305**
**Harrisburg, PA 17112**
(d) At sentencing:
**Daniel M. Myshin**
**4800 Linglestown Road**
**Suite 305**
**Harrisburg, PA 17112**
(e) On appeal:
**Edward J. Rymsza**
**Miele & Rymsza, P.C.**
**36 West Fourth Street**
**Williamsport, PA 17701**
(f) In any post-conviction proceeding: **In this proceeding –**

**Edward J. Rymsza**
**Miele & Rymsza, P.C.**
**36 West Fourth Street**
**Williamsport, PA 17701**

**Yvette M. Mastin**
**Yvette M. Mastin, P.C.**
**440 Louisiana St., Suite 900**
**Houston, TX 77002**
(g) On appeal from any ruling against you in a post-conviction proceeding: **N/A**

16. Were you sentenced on more than one count of an indictment? **No.**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? **No**

18. **N/A**

Wherefore, the right, proper just and fair resolution in this case is to

VACATE both the conviction and the Sentence and allow Mr. Reaves to

commence the plea negotiation process from the beginning with counsel who can

work with him; communicate effectively with him and help him negotiate a just

plea agreement with the Government.  Mr. Reaves' ineffective assistance of

counsel claims are obviously of constitutional magnitude and satisfy the cause and

actual prejudice standards required by *Strickland*.  Alternatively, it is urged that an

evidentiary hearing be held to resolve any factual issues in the record to assist the

Court with its decision.


Dated: January 5, 2012

Respectfully submitted,

*/s/ Yvette M. Mastin*

_____
YVETTE M. MASTIN, Esq.
MN State Bar No. 0306770
D. of MN Fed. No. 306770
S.D. of TX Fed. No. 369694
440 Louisiana St., Suite 900
Houston, TX 77002
Telephone: (832) 251-3662
mastinlaw@yahoo.com

*/s/ Edward J. Rymsza*

_____
EDWARD J. RYMSZA, Esq.
PA. ID. NO. 82911
36 West Fourth Str4eet
Williamsport, PA 17701
Telephone: (570) 322 -2113
Facsimile: (570) 322 – 8813
Rymsza@comcast.net

ATTORNEYS FOR MOVANT
OLLIE REAVES

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Yvette M. Mastin, Esq., hereby state that Assistant United States Attorney Joseph J.

Terz does not concur in the foregoing motion.

Dated: January 5, 2012

By:          */s/ Yvette M. Mastin*
          _____
          YVETTE M. MASTIN, Esq.
          MN State Bar No. 0306770
          D. of MN Fed. No. 306770
          S.D. of TX Fed. No. 369694
          440 Louisiana St., Suite 900
          Houston, TX 77002
          Telephone: (832) 251-3662
          mastinlaw@yahoo.com

## CERTIFICATE OF SERVICE

I, Yvette M. Mastin, certify that on January 5, 2013, a true and correct copy of the foregoing Memorandum in Support of Movant's Motion to Vacate, Set Aside and Correct Sentence was served to opposing counsel, Assistant United States Attorney Joseph J. Terz by email through the ECF court system to the Email provided by said Counsel.

*/s/ Yvette M. Mastin*

_____

Yvette M. Mastin