UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.   : | CRIMINAL NO. 1:07-CR-104-03 |
| : | |
| OLLIE OTIS REAVES, : | |
| a/k/a "Odie Reaves." : | |

*M E M O R A N D U M*

*I.      Introduction*

We are considering Reaves' motion pursuant to 18 U.S.C. § 3582(c)(2), which was filed on August 28, 2013.  (Doc. 428).  Reaves asks us to reduce his mandatory life sentence in light of the Fair Sentencing Act of 2010 ("FSA") and Amendment 750 to the United States Sentencing Guidelines.  Because the Third Circuit, along with every other circuit court, has clearly instructed that the FSA does not apply to individuals who were sentenced prior to its enactment, we will deny Reaves' motion.

*II.     Background*

On June 12, 2008, following a jury trial, Reaves was convicted of conspiracy to distribute 50 grams and more of crack cocaine.  Reaves' criminal history, which included two prior drug convictions, subjected him to a mandatory minimum of life in prison.  On May 21, 2009, this court sentenced Reaves to life in prison.

*III.*     *Discussion*

Section 3582(c)(2) permits a district court to modify a defendant's sentence if: (1) the defendant's initial sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with the policy statements issued by the Commission. United States v. Flemming, 617 F.3d 252, 257 (3d Cir. 2010). Reaves argues that he is entitled to a reduction because his sentencing guideline range is lower under the FSA than it was under the 2008 Sentencing Guidelines. Specifically, in 2009, this court found that Reaves was accountable for possessing one-and-a-half kilograms of crack. Under the 2008 Guidelines, this drug quantity resulted in a base offense level of 36. A four-level enhancement was applied for Reaves' leadership role in the offense, yielding a total offense level of 40.[1] Reaves fell into criminal history category IV, which, coupled with a total offense level of 40, yielded an advisory guideline range of 360 months to life in prison. See USSG ch. 5, pt. A, sentencing table (2008). Because of Reaves' two prior drug convictions, he was subject to the statutory mandatory minimum of life in prison. Under the FSA, possession of one-and-a-half kilograms of crack yields a base offense

---

1. Reaves notes that the total offense level listed in the Statement of Reasons was 42, not 40. This discrepancy is irrelevant, as Reaves' advisory guideline range would have been 360 months to life under either total offense level. See USSG § 5G1.1(b) (2008).

2

level of 34, making the total offense level 38, and the advisory guideline range 324 to 405 months in prison.[2]  Id.

Reaves' argument that the new guideline ranges should apply to him lacks merit.  Courts of Appeal have uniformly refused to retroactively apply the FSA to individuals who were sentenced before it became effective in 2010.  Because he was sentenced in 2009, Reaves falls into that category.  In Dorsey v. United States, 132 S. Ct. 2321 (2012), the Supreme Court explained that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, *while withholding that change from defendants already sentenced.*"  Dorsey, 132 S. Ct. at 2335 (emphasis added).  In line with this rule, the Third Circuit held in United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010), that individuals who were convicted and sentenced prior to the FSA's enactment could not take advantage of the reduced sentences.  This principle was reaffirmed two years later in United States v. Turlington, 696 F.3d 425, 428 (3d Cir. 2012).  Moreover, as the Government points out, this view is shared by every other circuit court of appeals.[3]  Thus, Reaves is not entitled to a reduction under § 3582(c)(2).

---

2. While it is immaterial to our analysis, we note for the record that Reaves incorrectly calculated his post-FSA advisory guideline range to be 360 months to life in prison. In fact, it would be 324 to 405 months.

3. See, e.g., United States v. Gonclaves, 642 F.3d 245, 252-55 (1st Cir. 2011); United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam); United States v. Bullard, 645 F.3d 237, 248-49 (4th Cir. 2011); United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010); United States v. Powell, 652 F.3d 702, 710 (7th Cir. 2011); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Baptist, 646 F.3d 1225, 1226-28 (9th Cir. 2011) (per curiam); United States v. Cornelius, 696 F.3d 1307, 1328-29 (10th Cir. 2012); United

In addition, Reaves claims that the 100:1 ratio used to determine the penalties for crack as opposed to powder cocaine violates his constitutional right to equal protection under the Fifth amendment, and the Eighth Amendment's prohibition against excessive punishment.  Again, every circuit court, including the Third Circuit, agrees that the pre-FSA sentencing disparity between crack and powder cocaine does not violate equal protection.[4]  Reaves relies on United States v. Blewett, 719 F.3d 482 (6th Cir. 2013) (vacated), to support his argument.  However, that opinion, which was vacated for a rehearing *en banc* while the parties were briefing this motion, has no legal effect.  On December 3, 2013, the Sixth Circuit issued its *en banc* opinion, holding that: "(1) the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect; (2) § 3582(c)(2) does not provide a vehicle for circumventing that interpretation; and (3) the Constitution does not provide a basis for blocking it." United States v. Blewett, Nos. 12-5226, 12-5582, 2013 WL 6231727 at *2 (6th Cir. Dec. 3, 2013).  Accordingly, Reaves' constitutional claims fail as well.

---

States v. Berry, 701 F.3d 374, 377-78 (11th Cir. 2012) (per curiam); United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012).

4. United States v. Frazier, 981 F.2d 92 (3d Cir. 1992); see also United States v. Singleterry, 29 F.3d 733, 741 (1st Cir. 1994); United States v. Stevens, 19 F.3d 93, 96-97 (2d Cir. 1994); United States v. Perkins, 108 F.3d 512, 518-19 (4th Cir. 1997); United States v. Fisher, 22 F.3d 574, 579 (5th Cir. 1994); United States v. Hill, 79 F.3d 1477, 1488 (6th Cir. 1996); United States v. Chandler, 996 F.2d 917, 918-919 (7th Cir. 1993); (per curiam); United States v. Clary, 34 F.3d 709, 712 (8th Cir. 1994); United States v. Dumas, 64 F.3d 1427, 1429-32 (9th Cir. 1995); United States v. Roberston, 45 F.3d 1423, 1445-46 (10th Cir. 1995); United States v. Hanna, 153 F.3d 1286, 1287-89 (11th Cir. 1998) (per curiam); United States v. Johnson, 40 F.3d 436, 439-41 (D.C. Cir. 1994).

*IV. Conclusion*

For the reasons stated above, Reaves' motion to reduce his sentence will be denied.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
