IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | CRIMINAL NO. 1:CR-07-104-03 |
| OLLIE OTIS REAVES, : | |
| a/k/a/ "Odie Reaves," : | (Judge Caldwell) |
| Defendant : | |

*M E M O R A N D U M*

I.  *Introduction*

On June 17, 2016, defendant, Ollie Reaves, filed a letter (Doc. 456), stating that he wanted to put a document on  record seeking relief under *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2552, 192 L.Ed.2d 569 (2015), as it was his understanding that *Johnson* would apply to career criminals and to the application of 21 U.S.C. § 851(a) to enhance a defendant's sentence.

We treat the letter as a motion seeking relief under 28 U.S.C. § 2255.  In doing so, we conclude we lack jurisdiction over it as Defendant has already had a 2255 motion adjudicated.  We also conclude that Defendant has no claim under *Johnson*, so we decline to transfer the motion to the Third Circuit to be treated as an application to file a second 2255 motion.

II. *Background*

We provide the pertinent background. Defendant was brought into this criminal case on September 5, 2007, with the filing of a superseding indictment. On January 11, 2008, the government filed an information (Doc. 169) under 21 U.S.C. § 851(a)(1) that Defendant was "subject to an enhanced penalty as a result of following the [sic] prior felony drug convictions": (1) an October 1994 New York State conviction; and (2) a June 1996 New York State conviction.

In April 2008, Defendant was named in a two-count third superseding indictment. Count I charged him with attempting and conspiring to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), and 21 U.S.C. § 846. Count II charged him with possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

In June 2008, Defendant was tried on Count I, and a jury convicted him on that Count. Count II was later dismissed upon motion of the government. (Doc. 309). A presentence report (PSR) was prepared. The PSR concluded that by virtue of Defendant's prior drug offenses, he was subject to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). (PSR ¶ 71).[1] In May 2009, Defendant was sentenced to life. His conviction and sentence were affirmed on appeal. *United States v. Reaves*, 440 F. App'x 140 (3d Cir. 2011)(nonprecedential). In January 2013, Defendant filed a motion

---

[1] Section 846 imposes the same penalties on a defendant as section 841 does. Section 841(b)(1)(A) requires a sentence of life imprisonment for any person committing a violation of section 841(b)(1)(A) "after two or more prior convictions for a felony drug offense."

under 28 U.S.C. § 2255. In May 2013, we denied the motion. In August 2013, the Third Circuit denied a certificate of appealability. *United States v. Reaves*, No. 13-3027 (3d Cir.).

III.  *Discussion*

We have no jurisdiction to consider the 2255 motion. Defendant cannot rely on section 2255 because he has already had a section 2255 motion adjudicated. Section 2555's gatekeeping provision, 28 U.S.C. § 2255(h), deprives us of jurisdiction to consider a second or successive 2255 motion, unless a defendant has first obtained a certificate from the court of appeals authorizing him to file a second or successive motion. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009) (nonprecedential).

The Supreme Court has stated that *Johnson* established a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, ___, 136 S.Ct. 1257, 1265 (2016). The 2255 motion could be transferred to the court of appeals to act as an application to file a second 2255 motion. Approval could be granted for such a motion on the basis that it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

We also observe that Defendant's invocation of *Johnson* is timely. *Johnson* was made retroactively applicable to cases on collateral review. *Johnson* was decided on June 26, 2015, and Defendant's letter was filed on June 17, 2016, less than one year later. *See* 28 U.S.C. § 2255(f)(3).

The difficulty is that *Johnson* has no bearing on Defendant's case. *Johnson* struck down the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) defining a "violent felony" for the purpose of the increased sentence authorized by 18 U.S.C. § 924(e)(1). The residual clause allowed for an enhanced sentence for a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). There are counterparts to the residual clause in the sentencing guidelines and in some federal statutes.[2] However, review of Defendant's case reveals that no such residual clause played any role in Defendant's conviction and sentence. Defendant was convicted of a drug-trafficking offense, and his sentence was imposed based on two prior felony drug offenses.[3]

IV. *Conclusion*

We will issue an order dismissing the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order dismissing his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate

---

[2] Based on *Johnson*, the Third Circuit recently held that the residual clause at U.S.S.G. § 4B1.1.(a)(2) was unconstitutionally vague. *United States v. Calabretta*, ___ F.3d ___, ___, 2016 WL 3997215, at *4 (3d Cir. 2016).

[3] We note that, in accordance with this court's Standing Order 15-6, the Federal Public Defender's Office was appointed to represent Defendant on his *Johnson* claim. On July 15, 2016, the Public Defender moved to withdraw from the case, and we granted that motion on July 18, 2016.

of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

                              <u>/s/William W. Caldwell</u>
                              William W. Caldwell
                              United States District Judge

Date: August 25, 2016