UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL NO. 1:07-CR-00104-3 |
| v. : | |
| : | |
| OLLIE OTIS REAVES, : | |
| Defendant : | |

*M E M O R A N D U M*

*I.      Introduction*

Currently before the court is Ollie Otis Reaves's ("Defendant") pro se motion (Doc. 470) for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). We will deny the motion because we conclude that it amounts to a successive motion under 28 U.S.C. § 2255, which we lack jurisdiction to entertain.

*II.     Factual Background and Procedural History*

On June 12, 2008, a jury convicted Defendant on one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C §§ 841 and 846. After concluding that Defendant had previously been convicted of two serious felonies, the court applied the sentencing enhancement of 21 U.S.C. § 851, and on May 27, 2009, he was sentenced to a mandatory term of life imprisonment. Defendant appealed, but the United States Court of Appeals for the Third Circuit affirmed both his conviction and sentence on July 28, 2011. Defendant's subsequent petition for certiorari was denied by the Supreme Court of the United States on January 9, 2012.

Thereafter, on January 5, 2013, Defendant–acting through new counsel– filed a motion (Doc. 407) in this court pursuant to 28 U.S.C. § 2255 to vacate his

conviction on the grounds that he had received ineffective assistance from his trial counsel. The court denied his motion by memorandum and order issued on May 2, 2013. (Doc. 421). We also declined to issue a certificate of appealability. Thereafter, Defendant sought a certificate of appealability from the Third Circuit. On August 27, 2013, the Third Circuit issued an order denying Reaves's request, and agreeing with our reasoning as to why Defendant's ineffective assistance of counsel claims lacked merit. Defendant subsequently requested that the Third Circuit reconsider its order and remand the case back to this court to allow him to amend his original § 2255 motion to address issues related to the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).[1] The Third Circuit denied this request by order issued November 25, 2013.

Undeterred by the Third Circuit's denial, on June 9, 2014, Defendant filed a pro se motion (Doc. 446) in this court seeking to "re-open the original § 2255 proceedings" in light of Alleyne. On June 30, 2014, we denied that motion via a memorandum (Doc. 448) and order (Doc. 449), finding that Defendant's motion to re-open amounted to a successive motion under 28 U.S.C. § 2255, which we lacked jurisdiction to entertain.

On June 7, 2016, Defendant filed a letter (Doc. 456), stating that he wished to pursue relief under the Supreme Court case Johnson v. United States, 135 S. Ct. 2551 (2015), as it was his understanding that Johnson would apply to career criminals and to the application of 21 U.S.C. § 851(a) to enhance a defendant's sentence. On August 25, 2016, we issued a memorandum (Doc. 460) and order (Doc. 461) regarding the letter that Defendant filed on June 7, 2016. We found that the letter amounted to another

---

[1] In Alleyne, the Supreme Court overruled Harris v. United States, 536 U.S. 545 (2002), and clarified that, under the Sixth Amendment, any facts that increase the mandatory minimum sentence for a defendant constitute elements of a crime, and, therefore, a defendant has the right to have a jury find such facts beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2160.

2

successive motion under 28 U.S.C. § 2255, which we lacked jurisdiction to entertain, and we denied the motion. Moreover, we concluded that Johnson had no bearing on Defendant's case, and, therefore, we declined to transfer the motion to the Third Circuit to be treated as an application to file a second § 2255 motion.

Most recently, on November 27, 2017, Defendant filed the instant motion (Doc. 470) seeking relief under Federal Rule of Civil Procedure 60(b)(6). Because we conclude that the instant motion amounts to yet another successive motion under 28 U.S.C. § 2255, the motion shall be dismissed.

*III.        Discussion*

In accordance with the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive § 2255 motion may be filed in [a] district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion." In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255). Thus, when a Rule 60(b) motion is simply a disguised second or successive 2255 motion for which a movant has not sought authorization from the appropriate court of appeals, this court does not have jurisdiction to entertain it. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) (citation omitted).

In the context of federal habeas proceedings, the Supreme Court of the United States in Gonzales v. Crosby, 545 U.S. 524 (2005) noted that courts presented with a Rule 60(b) motion must determine whether that motion, in substance, is raising a new habeas claim or attacking a previous federal court resolution of a claim on the merits, or whether it raises "some defect in the integrity of the federal habeas proceedings." Id. at

532.  If the Rule 60(b) motion falls into the former category, it must be construed as a second or successive habeas application and treated accordingly.  Id. at 531.  If the Rule 60(b) motion falls into the latter category, it can be considered by the district court without offending the gatekeeping requirements established by the AEDPA.  Id. at 532-33.

Stated differently, when a Rule 60(b) motion "attacks the manner in which [an] earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."  Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  On the other hand, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."  Id.

In the instant 60(b) motion, Defendant raises three "grounds" for relief.  In his first ground, Defendant argues that the imposition of a mandatory sentence of life imprisonment under 21 U.S.C. § 851 violated his Fifth Amendment due process rights because, according to Defendant, the crimes of which he was previously convicted cannot be categorized as felonies under federal law.  (Doc. 470 at 7-17).  In his second ground, Defendant argues that his conviction and mandatory life sentence should be vacated because 28 U.S.C. § 841, one of the statutes under which he was convicted, is unconstitutional as a matter of law.  (Id. at 17-21).  Finally, in his third ground, Defendant contends that his mandatory minimum sentence was racially discriminatory and, therefore, invalid, because mandatory minimum sentences for crack cocaine offenses disproportionately impact African Americans.  (Id. at 21-27).

None of the aforementioned grounds for relief allege a defect in the integrity of the previous habeas proceedings, nor do they attack the manner in which the judgment

of his initial § 2255 petition was procured. Rather, they clearly pertain to the validity of petitioner's underlying sentence and conviction, and, therefore, the instant 60(b) motion amounts to a successive § 2255 petition in which he attempts to collaterally attack his underlying conviction and sentence. Because Defendant has not obtained authorization from the Third Circuit to file such a petition, we have no jurisdiction to entertain it.

*IV.     Conclusion*

Because the instant 60(b) motion amounts to a successive § 2255 petition, which we lack jurisdiction to entertain, the motion shall be denied. An appropriate order will follow.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge