IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:07-CR-00104 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| OLLIE REAVES | : | (Electronically Filed) |

**REPLY BRIEF IN SUPPORT OF A RESENTENCING HEARING**

## I.   INTRODUCTION

Despite conceding that Ollie Reaves is eligible for a substantial sentence reduction, the Government argues that this Court—not the original sentencing judge—should resentence Mr. Reaves to serve another 19 years toward a 30-year term.  The Government makes this argument even though Your Honor has never seen Mr. Reaves, never heard from him in person, nor ever seen or personally heard from any of his character witnesses.[1]  A sentencing hearing would establish that Mr. Reaves is not the man originally sentenced, and he has many people who wish to offer character testimony on his behalf.

The Government's argument that conducting a sentencing hearing would contravene Congressional intent fails because there is no legislative history of

---

[1] There are five cases in the Middle District involving individuals who received mandatory life sentences and are eligible for relief under Section 404 of the First Step Act.  Briefing was recently completed in *United States v. Rhines*, No. 4:01-CR-00310, which was reassigned to the Honorable John E. Jones, III.

Section 404 of the First Step Act to illuminate such intent. And the Government's argument that Your Honor can evaluate Mr. Reaves based solely on written submissions, in part because he did not express remorse when he was originally sentenced, ignores the reality that remorse plays no part in a sentence for mandatory life.[2]

## II. REPLY ARGUMENT

### A. A resentencing cannot contravene Congressional intent when none was expressed.

The Government maintains that a plenary resentencing would contravene Congressional intent. *See* (Gov't Brief at 8). But the Government fails to identify such intent and none exists. Indeed, the Government has acknowledged as much in other cases. *See, e.g.*, *United States v. Allen*, No. 3:06-CR-00149, 2019 WL 1877072, at * 3 (D. Conn. Apr. 26, 2019) (stating that "[b]oth parties agree that no legislative history is available to document the purpose of section 404").[3] Instead, the Government argues that because Section 3582(c)(2) does not permit a full

_____

[2] Interestingly, the Government's position here differs from the one they recently advanced in response to Mr. Reaves' pending habeas corpus petition. *See Reaves v. Ebbert*, No. 1:19-CV-00138. There, the Government requested and received a stay of the proceedings by capitalizing on the view that a resentencing under the First Step Act would moot the habeas case. *See id*. at Doc.'s. 10-11.

[3] *See also United States v. Pierre*, ___ F. Supp. 3d ___, No. 07-003, 2019 WL 1495123, at * 5 (D.R.I. Apr. 5, 2019) (noting that "there is no legislative history available on Section 404 to lend clarity to Congressional intent.").

resentencing in the context of a retroactive guideline amendment, the same rule should apply here. The amendments at issue, however, do not involve the Guidelines, but the statutory framework. And Congress' reason for this statutory change was to further the Fair Sentencing Act's objective of mitigating the effects of a sentencing scheme that had a racially disparate impact. *See Allen*, 2019 WL 1877072, at *3 (citing *Dorsey v. United States*, 567 U.S. 260, 268 (2012)). What's more, when Section 3582(c) was enacted, the Guidelines were mandatory, so limiting the scope of those proceedings made sense. *See Dillon v. United States*, 560 U.S. 817, 820, 826 (2010). Indeed, the Court in *Dillon* emphasized the substantial role Congress gave the Sentencing Commission for modification proceedings, and the fact that Section 3582(c)(2) proceedings give judges only circumscribed discretion. *See id.* 826, 828.

But that's not true here. The reasons that informed *Dillon* and that limit Section 3582(c)(2) proceedings do not exist in the Section 404 context. With no legislative history and given the purpose of the Fair Sentencing Act, the Rule of Lenity should apply and any doubt about the scope of the proceedings should be resolved in favor of the defendant. *See Allen*, 2019 WL 1877072, at *3 (noting the court's interpretation of Section 404 is "in keeping with the rule of lenity.").[4]

---

[4] *Accord Pierre*, 2019 WL 1495123, at *5 (recognizing that "where a criminal statute is ambiguous, as it is here, the rule of lenity informs the Court's decision.").

**B.** **The pertinent authority does not support a limited guideline amendment proceeding.**

The Government faults Mr. Reaves for failing to address the pertinent authority that it says rejects plenary resentencing hearings under Section 404. *See* (Gov't Brief at 11-12). Yet the Government's authority on the issue is not as convincing as portrayed. While some cases address the reduction on the record and filings, others have held resentencing proceedings.

**1.** **The Government's authority does not preclude Your Honor from conducting a resentencing.**

For example, the Government cites nine cases, three of which are from the Eastern District of Wisconsin and authored by the same judge. *See, e.g., United States v. Coleman*, No. 04-CR-278-pp, 2019 WL 1877229 (E.D. Wis. Apr. 26, 2019); *United States v. Glore*, No. 99-CR-82-pp, 2019 WL 1761581 (E.D. Wis. Apr. 22, 2019); *United States v. Rivas*, No. 04-CR-0256-pp, 2019 WL 1746392 (E.D. Wis. Apr. 18, 2019). In those cases, the court considered, among other things, whether the First Step Act permitted it to disturb a prior finding that the defendant was a career offender and concluded that it could not. The Court found support for its conclusion that the First Step Act does not permit a plenary resentencing, citing four cases in other districts that the Government also cites. *See United States v. Davis*, No. 07-CR-245S, 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019); *United States v. Potts*, 2:98-CR-14010, 2019 WL 1059837 (S.D. Fla. Mar.

6, 2019); *United States v. Sampson*, 360 F. Supp. 3d 168 (W.D.N.Y. Mar. 13, 2019); *United States v. Haynes*, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb. Mar. 29, 2019).[5]

In both *Davis* and *Sampson*, however, the new sentence under the First Step Act was "time served," thus the nature of the proceeding was, essentially, a moot point. In *Haynes*, the court denied relief based on a drug quantity argument and that case is on appeal to the Eighth Circuit. That leaves *Potts*, an early case in which the court determined the defendant "was not entitled to a 'plenary resentencing' and a reconsideration of the drug quantity and career offender determinations that the Court made at the time of his sentencing." 2019 WL 1059837, at *2. Although the court found that the defendant had no right to a "plenary resentencing," the court still conducted a sentencing hearing with the defendant present. *See* (Transcript of *Potts* resentencing—Ex. "A").

---

[5] The Government cites two other cases in which the district courts denied resentencing hearings. *United States v. Glover*, ___ F. Supp. 3d ___, No. 95-08021, 2019 WL 1924706 (S.D. Fla. May 1, 2019) and *United States v. Shelton*, No. 3:07-CR-0329, 2019 WL 1598921 (D.S.C. Apr. 15, 2019). In *Glover*, the district court denied relief, ruling that the defendant had no right to the application of *Apprendi*, but that case is on appeal to the Eleventh Circuit. *See United States v. Glover*, No. 19-11742. In *Shelton*, the district court denied a resentencing hearing, but lowered the defendant's sentence based on the written submissions.

### 2. Limiting the resentencing hearings would leave some unconstitutional or illegal enhancements in place.

The problem with a limited proceeding is one of line drawing. For instance, should the court continue to apply a mandatory guideline regime for those sentenced before 2005 and an advisory one for those sentenced after *Booker*? The court in *Potts* concluded that *Apprendi* and *Alleyne* could not apply, 2019 WL 1059837, at * 2, but applied *Booker* to the resentencing hearing, treating the guidelines as advisory and imposing a downward variance. *See* (Ex. "A" at 40-41, 48). This sort of constitutional line drawing is, at a minimum, inconsistent with the purpose of the Fair Sentencing Act.[6]

And if the courts are to apply advisory guidelines, which version applies? For example, the Guidelines direct the courts to use the most recent Sentencing Guideline Manual. *See* USSG § 1B1.11 (2018). But if that's the case, do the amendments to the Career-Offender provision apply or those affecting the criminal history calculation? *See, e.g.*, USSG § 4A1.1, Amend. 742 (2010). These sorts of questions would plague every case and lead to disparate treatment of similarly situated defendants.

---

[6] Moreover, most of courts have held that *Apprendi* and *Alleyne* do apply in the context of the First Step Act. *See, e.g., United States v. Ancrum*, No. 5:02-CR-30020, 2019 WL 2110589, at *3 (W.D. Va. May 14, 2019) (collecting cases).

### 3. The relevant authority supports a plenary resentencing.

The relevant authority is the so-called "pipeline cases" that addressed whether the Fair Sentencing Act applied to those defendants sentenced after its enactment, but for offenses that predated its passage. In those cases, the Third Circuit remanded for resentencing hearings. *See, e.g.*, *United States v. Self*, 681 F.3d 190, 202-03 (3d Cir. 2012). And where courts have limited the resentencing to written post-sentence rehabilitation submissions, the Third Circuit reversed. *See, e.g.*, *United States v. Walker*, 545 F. App'x 105, 106-07 (3d Cir. 2013) (non-precedential).

### C. Your Honor cannot effectively evaluate the relevant Section 3553(a) factors without a resentencing hearing.

The Government maintains that the relevant Section 3553(a) consideration can be evaluated based on the existing record and written submissions. *See* (Gov't Brief at 13-14). But for three reasons, the Government's proposal is inconsistent with due process and unfair.

First, Your Honor did not sentence Mr. Reaves and thus did not have a chance to assess his character, background, and the circumstances of the offense. Rather, the sentencing judge was the Honorable William W. Caldwell, who has since passed away. More important, an adequate evaluation of Mr. Reaves' character and background is best served by having him appear before Your Honor

and listening to him and anyone who wishes to testify on his behalf.  *See, e.g.*,
*United States v. Faulks*, 201 F.3d 208, 213 (3d Cir. 2000) (recognizing, even in a
pre-*Booker* sentencing, that the "presence of a defendant may well affect a judge in
the discharge of this most solemn of duties" and "a judge may enter court of one
mind about what sentence is appropriate in the abstract, only to modify the
pronouncement when faced with a live human being in open court.").

Second, the original sentencing proceeding was an academic exercise, as
none of the Section 3553(a) factors mattered because of the mandatory life
sentence under the statute.  *See* (N.T. Sent at 13).  Thus, the existing record is
inadequate because none of the bases for a variance under Section 3553(a) were
relevant.[7]

Third, as the Government agrees, (Gov't Brief at 13-14), this Court may
consider evidence of Mr. Reaves' post-sentence rehabilitation.  *See Pepper v.*

---

[7] As Judge Caldwell explained:

> THE COURT:  All right. I would like to say for the
> benefit of the family, if they don't already know it, that a
> conviction in this case under the law requires a mandatory
> sentence of life imprisonment, and the Court has no
> authority or ability to change that or to modify it.
> So *the question of whether the Court is going to show
> mercy to Mr. Reaves has nothing to do with my duties*. I
> am bound by the law, and I must follow the law.

(N.T. Sent. 13) (emphasis added).

*United States*, 562 U.S. 476 (2011).  Although Mr. Reaves attached a certificate

from the institution's Acting Education Supervisor to his motion, *see* (Doc. 473-3),

he has many character letters and certifications that he would introduce as part of a

sentencing presentation.  *See, e.g.*, (Ex's. "B" & "C").  For example, the letters

include not only those from friends and family, but also instructors within the

Bureau of Prisons.  *See* (Ex. "B").[8]  And the certifications consist of his transcript

for his graduate equivalency diploma, as well as many courses including

computers, electronic library, legal drafting, and parenting.  *See* (Ex. "C").

Reviewing exhibits, however, does not compare to the information Your Honor

may learn from speaking directly to Mr. Reaves and those who wrote on his behalf.

*See, e.g.*, (Ex. "A"). [9]

---

[8] The Government seems to suggest that, because none of Mr. Reaves' character witnesses wished to address the court personally when Judge Caldwell imposed the mandatory life term, there is no reason to allow them to do so now.  *See* (Gov't Brief at 14).  But at that time, their testimony would not have made any difference.

[9] At the resentencing for Mr. Potts, the district court conversed extensively with him about his time in custody and his plans to avoid drugs and have a successful reentry.  (Ex. "A" at 26-27, 32-33).  Another district court heard from the defendant's wife and sister before imposing a reduced sentence.  *See* (Minute Entry, *United States v. Allen*, No. 8:00-CR-0378 (M.D. Fla. Feb. 19, 2019)—Ex. "D").

**D.** **Because Mr. Reaves went to trial and then, in the Government's view, failed to show sufficient remorse when Judge Caldwell imposed the mandatory life term, does not provide a proper basis to deny him a resentencing.**

At the outset, the Government characterizes Mr. Reaves as having spent "many years of his adult life in prison for drug dealing." (Gov't Brief at 1) (emphasis added). Yet the reason Mr. Reaves has spent so many years in prison is because of the mandatory life sentence that he is serving. Beyond this, the Government maintains that any interest in allocution is minimal because, at his original sentencing, Mr. Reaves "professed his innocence." (Gov't Brief at 14). While it's true that Mr. Reaves challenged the scope of the conspiracy and drug weights, he also acknowledged his own fault. *See* (N.T. Sent. at 11). And given the mandatory life sentence, there was no room in that proceeding for either remorse or mercy. *See* (N.T. Sent. at 13).

Now, however, there is considerable evidence that Mr. Reaves has gone a long way toward changing his person and has accomplished many things. *See, e.g.*, (Ex's "B" & "C"). These efforts are all the more telling given the life sentence and the fact that, as a lifer, Mr. Reaves would be at the bottom of the Bureau of Prisons' priority for programming.

## III.  CONCLUSION

For all of these reasons, Mr. Reaves requests that Your Honor grant him a new sentencing hearing.

Respectfully submitted,

Date:  May 21, 2019

/s/ *Frederick W. Ulrich*
FREDERICK W. ULRICH, ESQUIRE
Asst. Federal Public Defender
Attorney ID# PA44208
TAMMY L. TAYLOR, ESQUIRE
Staff Attorney
Attorney ID# PA73155

100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
*fritz_ulrich@fd.org*
*tammy_taylor@fd.org*
*Attorneys for Ollie Reaves*

## CERTIFICATE OF SERVICE

I, Frederick W. Ulrich, Esquire, of the Federal Public Defender's Office, do

hereby certify that I served a copy of the foregoing **Reply Brief in Support of a**

**Resentencing Hearing** by Electronic Case Filing, addressed to:

Eric Pfisterer, Esquire
Assistant United States Attorney

Joseph J. Terz, Esquire
Assistant United States Attorney


Date:  May 21, 2019     /s/ *Frederick W. Ulrich*
             FREDERICK W. ULRICH, ESQUIRE
             Asst. Federal Public Defender
             Attorney ID# PA44208
             TAMMY L. TAYLOR, ESQUIRE
             Staff Attorney
             Attorney ID# PA73155

             100 Chestnut Street, Suite 306
             Harrisburg, PA 17101
             Tel. No. 717-782-2237
             Fax No. 717-782-3881
             *fritz_ulrich@fd.org*
             *tammy_taylor@fd.org*
             *Attorneys for Ollie Reaves*